**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4729

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRISON LEWIS, III,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George Jarrod Hazel, District Judge. (1:17-cr-00323-GJH-1)

Submitted: August 30, 2019                    Decided: September 11, 2019

Before NIEMEYER and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harrison Lewis, III, appeals his jury conviction for six counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (f) (2012). On appeal, he questions whether the district court erred in denying his motion to suppress evidence and in providing a magnifying glass to the deliberating jury. We affirm.

In reviewing a district court's denial of a motion to suppress, we review the court's legal determinations de novo and its factual conclusions for clear error. *United States v. Bernard*, 927 F.3d 799, 804 (4th Cir. 2019) (citation omitted). "'Because the district court denied the defendant's motion, [this Court] construe[s] the evidence in the light most favorable to the government.'" *Id.* (citation omitted). We may consider both evidence submitted at the suppression hearing and evidence submitted at trial to affirm the district court's ruling. *See Carroll v. United States*, 267 U.S. 132, 162 (1925).

"A traffic stop constitutes a seizure under the Fourth Amendment." *Bernard*, 927 F.3d at 804 (citation omitted). We apply the *Terry v. Ohio*, 392 U.S. 1 (1968), standard in determining the constitutionality of a traffic stop. *Id.* (citation omitted); *see also United States v. Hensley*, 469 U.S. 221, 229 (1985) ("If police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion"). We look at the totality of the circumstances to determine whether the officer had "a 'particularized and objective basis for suspecting legal wrongdoing.'" *Bernard*, 927 F.3d at 805 (citation omitted). "In cases involving a seizure, the standard of 'reasonableness' typically is satisfied by a showing that the police had

2

probable cause to conclude that the individual seized was involved in criminal activity." *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013) (citation omitted).

"It is well-settled under Fourth Amendment jurisprudence that a police officer may lawfully arrest an individual in a public place without a warrant if the officer has probable cause to believe that the individual has committed, is committing, or is about to commit a crime." *United States v. Dickey-Bey*, 393 F.3d 449, 453 (4th Cir. 2004) (citations omitted). "[P]robable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Humbert v. Mayor of Balt. City,* 866 F.3d 546, 555 (4th Cir. 2017) (internal quotation marks and citations omitted). "'While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict.'" *Id.* at 556 (citation omitted).

We have reviewed the record and conclude that the district court did not err in denying the motion to suppress evidence in this case. When conducting the challenged traffic stop, the law enforcement officer had at least reasonable suspicion that bank robbery proceeds and the bank robber were in the vehicle in which Lewis was a passenger; and after the stop, the officer had probable cause to arrest him for committing bank robbery. We further conclude that the district court did not err in granting the jury's request for a magnifying glass. *See United States v. Beach*, 296 F.2d 153, 158-59 (4th Cir. 1961).

Accordingly, we deny the pending motion and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*